IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
Joplin Division

| UNITED STATES OF AMERICA<br>PLAINTIFF | CASE NO: 3:20-CR-5023 |
|---|---|
| V | |
| FREDDIE J MC ANALLY, II<br>DEFENDANT | JUDGE M DOUGLAS HARPOOL |

# DEFENDANTS MOTION TO VACATE, SET ASIDE, OR CORRECT UNDER 28 U.S.C. §2255

COMES NOW, Freddie J McAnanlly, Pro se, the Defendant in the above titled action and hereby respectfully submits before this Honorable Court his petition under 28 U.S.C. §2255 to vacate, set aside, or correct his sentence.

The defendant offers the following in support of his motion.

## BACKGROUND

The defendant was arrested and charged in Joplin County, Missouri by the Joplin Police Department on December 23, 2019. The government filed an indictment against the defendant for these charges on August 25, 2020 under a sealed indictment. On September 1, 2020 an arrest warrant was issued and he was placed on fugitive status with the US Marshals given the task of locating him.

On January 28, 2021 the defendant was arrested in Joplin on unrelated charges to this case and held on the federal warrant. The defendant was placed in Green County jail, the holding facility for federal detainees.

The Newton County charges that the government used to charge the defendant were dropped by the County due to the governments prosecution of the case.

On February 1, 2021 the government filed a Writ of Habeas Corpus ad prosequendum and the defendant was brought to Court for initial appearance. Arraignment was held on February 18, 2021.

The defendants counsel notified the court of the defendants intention to change his plea on April 29, 2021 and such was completed on May 3, 2021. The Court ordered a Pre-Sentence Investigation report be completed by the probation department.

On September 3, 2021 the U.S. Probation Department filed its PSR in this matter and on November 4, 2021 the government filed a Sentencing Memorandum. The defendants counsel on November 16, 2021 filed a request to continue the sentencing.

On January 27, 2022 a sentencing hearing was held, and the court sentenced the defendant to 77 months on Count I and a consecutive 60 months on Count II for a total of 137 months of incarceration to be served in FCI El Reno. The defendant was remanded to the custody of the U.S. Marshals.

The defendant is now filing his petition under Section 2255 within the 1-year statute of time limitations.

## SECTION 2255 STANDARD

A prisoner in custody under sentence of a federal court may move the sentencing court to vacate, set aside or correct a sentence. See 28 U.S.C. § 2255(a). To obtain relief, a federal prisoner must establish:

[T]hat the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or [that the judgment or sentence] is otherwise subject to collateral attack. *Id.*; *see also* Rule 1 of the Rules Governing § 2255 Proceedings (specifying scope of § 2255).

If any of the four grounds are established, the court is required to "vacate and set the judgment aside and [to] discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

When enacting § 2255, Congress "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (citation omitted). Section 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *Id.* (citation omitted). Rather relief under [§ 2255] is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.

*United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted); *see also Sun Bear*, 644 F.3d at 704 ("[T]he permissible scope of a § 2255 collateral attack . . . is severely limited[.]"). A collateral challenge under § 2255 is not interchangeable or substitutable for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982) ("[W]e have long and consistently affirmed that a collateral challenge may not do service for an appeal.").

Consequently, "an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *Id.* (citation omitted).

"Evidentiary hearings on [§ 2255] motions are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists." *Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013) (emphasis added). "The district court is not permitted to make a credibility determination on the affidavits alone." *Id.* at 1206; *see also United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014) ("[The] district court abused its discretion when it credited the attorney's affidavit over the petitioners without first holding an evidentiary hearing.").

However, no hearing is required "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *See New v. United States*, 652 F.3d 949, 954 (8th Cir. 2011) (citation omitted).

## INEFFECTIVE ASSISTANCE OF COUNSEL STANDARD

To establish a claim for ineffective assistance of counsel, a movant must prove that his attorney's representation "was 'deficient' and that the 'deficient performance prejudiced the defense.'" *Walking Eagle v. United States*, 742 F.3d 1079, 1082 (8th Cir. 2014) (quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). "Deficient" performance is performance that falls "below an objective standard of reasonableness," *Lafler v. Cooper*, 566 U.S. 156, 163, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012) (citation omitted), that is conduct that fails to conform to the degree of skill, care and diligence of a reasonably competent attorney. *Strickland*, 466 U.S. at 687.

Matters of trial strategy are generally entrusted to the professional discretion of counsel and they are "virtually unchallengeable" in § 2255 proceedings. *Loefer v. United States*, 604 F.3d 1028, 1030 (8th Cir. 2010). Counsel is not constitutionally ineffective because of the failure to raise a "relatively sophisticated" and "counter-intuitive argument." *Donnell v. United States*, 765 F.3d 817, 821 (8th Cir. 2014).

However, "[s]trategy resulting from lack of diligence in preparation and investigation is not protected by the presumption in favor of counsel." *Holder v. United States*, 721 F.3d 979, 994 (8th Cir. 2013) (citation omitted).

To establish "prejudice," a movant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lafler*, 566 U.S. at 163 (citation omitted). "Reasonable probability" means "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. That requires a "substantial," not just "conceivable," likelihood of a different result. *Harrington v. Richter*, 562 U.S. 86, 112, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011). Ultimately, a showing of "prejudice" requires counsel's errors to be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 104 (citation omitted).

Since a movant must show both deficient performance and prejudicial effect, a court reviewing ineffective assistance claims need only address one prong if either fails. *See Williams v. United States*, 452 F.3d 1009, 1014 (8th Cir. 2006).

Additionally, each individual claim of ineffective assistance "must rise or fall on its own merits," meaning that courts should not take into account the "cumulative effect of trial counsel's errors in determining Strickland prejudice." *Middleton v. Roper*, 455 F.3d 838, 851 (8th Cir. 2006); *United States v. Brown*, 528 F.3d 1030, 1034 (8th Cir. 2008) ("[W]e have repeatedly rejected the cumulative error theory of post-conviction relief.").
Valerio v. United States, 2022 U.S. Dist. LEXIS 178536, *2-6

## DISCUSSION

The defendant was arrested by the Joplin Police Department on December 23, 2019 and shortly thereafter the defendant was given a bond. While released from custody the defendant appeared to his court hearings until July of 2020. On August 25, 2020 the government indicted the defendant on federal charges stemming from the Joplin arrest.

On September 1, 2020 the US District Court issued a warrant for the defendants arrest. The defendant was considered a fugitive with an active warrant. On January 28, 2021 the defendant was arrested in an unrelated case to both the original Joplin case and federal case. The defendant was held on the federal warrant until later charged in the latest incident.

Three days after his arrest and hold the government filed a writ of habeas corpus ad prosequendum on February 1, 2021 but this filing was not necessary as the defendant was being held on the federal warrant and in Green County jail where federal detainees are held.

The defendant plead guilty less than 90 days after being indicted. The defendants state charges continued with status hearings which the court noted each time the defendant was being held in federal custody and not present for his state hearings. Upon the defendant being sentenced on January 27, 2022 he was remanded by the court to serve his federal sentence in the Bureau of Prisons FCI El Reno. The defendant, while being held in Green County, was picked up and held in Joplin County where he attended court hearings for his state charge. Both counsel and the court were surprised the defendant was present considering he was in federal custody.

The defendant was sentenced in state court for a term of incarceration which the Court noted on the record the federal court has primary jurisdiction and ordered for the defendants state sentence to run concurrent with the federal sentence.

On May 19, 2022 the defendants counsel for his state case filed a motion to correct the docket due to the defendant remaining in the custody of the state and not being sent back to the

primary jurisdiction of the federal court. The state court once again entered a notice of the defendants sentence to run in federal custody and concurrently.

As of this filing the defendant still remains in the custody of the State and has not yet been picked up by the US Marshals and taken to FCI El Reno where the federal court ordered the defendant to serve his time and where the State court understood the defendant was to be incarcerated at.

Upon contacting the U.S. Marshals office to request a date as to when the defendant would be removed from the State and placed into custody with the Bureau of Prisons the USM office stated that because the government filed a writ it can only mean the defendant was in the custody of the state not the federal government. After explaining the circumstances of the case, the USM office suggested the issue may be confusion caused by the writ being filed when it was not necessary.

When the state court placed the defendant on release by way of bond, they relinquished any primary custody they may have had. Further it is the understanding of the state court that it wished for the defendant to serve his time in federal court and made this abundantly clear when it held a second hearing to modify any issues with the record so that the defendant would be remanded back to federal custody.

Had the state court not relinquished primary custody by way of release on bond or court ruling, the defendant should still have had his sentences at least run concurrently but for the failure of defendants federal counsel who failed during the sentencing hearing to request his federal sentence run concurrent with his pending state case.

The time to request a sentence be ran concurrent is during the sentencing proceeding and counsel failed to request this. Upon the defendants state counsel being made aware of this he contacted the defendants federal counsel to correct this matter. The state counsel was informed by the federal counsel that the defendants federal sentence in fact was running concurrently. Upon further review of the record and an investigation into the matter the state counsel found this statement made by the federal counsel to be factually incorrect and continued to try and contact counsel so she may move the court to modify the federal sentence. The attempts made by

both the defendants state counsel and his spouse went unanswered and nothing was ever filed or done to assist the defendant.

More recently the defendants family requested the assistance of Countrywide Legal to look into the matter. Countrywide contacted the defendants former federal counsel to discuss the matter and during this conversation defendants former counsel stated she was under the assumption the state charges were going to be dismissed. When questioned as to what made her assume this she claimed its what normally takes place but was certain still that she requested the court to run the sentences concurrent and was not sure as to why the court would have said no to this.

During this conversation it was agreed the best source to determine the answers to these questions was for her to review the sentencing transcript. Upon doing so counsel admitted that she did in fact fail to make this request before the court and again claims she most likely did not make this request because she was under the assumption that those charges would be dismissed. The counsel then suggested the error was his state counsel not being able to have the state charges dismissed. This assumption was made all while knowing that the state counsel was attending status hearings on the state case.

When counsel was questioned as to why after becoming aware of the error, she did not file for a modification in federal court she claimed she informed the defendant that his state counsel should file a motion under Rule 40 in state court to get this rectified. That advice is clearly incorrect because the state court not only already placed on the record at its sentencing hearing its sentence was to run concurrent to the federal sentence, but it held a separate hearing on the same matter a month after the sentencing hearing to make the record very clear.

During a conversation with the defendants state attorney the defendants former federal counsel admitted her failure to make this request and stated that she would file a request with the federal court asking for the modification of the record to have the federal sentence run concurrent. It was discovered several months later that the federal counsel never did follow through and file anything.

Upon the recent conversation with Countrywide the defendants former federal counsel now suggested the defendant will have to file a petition under Section 2255

Based on the record made during the defendants federal sentencing the court intended on the defendant serving his sentence in federal custody when the court remanded the defendant to the custody of the US Marshals and Ordered the defendant serve his time in FCI El Reno. Had counsel made the request to have his sentence run concurrently it can be assumed based on the record this request would have been granted. One final argument made by former federal counsel was that the court itself should have brought this matter to the attention of counsel during the sentencing. Most likely from the reading of the record the court was most likely under the assumption the federal case held primary jurisdiction and therefore had no reason to question counsel as to why this request was not being made, nor does the court have a responsibility to bring arguments or requests for the defendant.

The second issue being presented is the fact that counsel for the defendant in his federal case failed to present a motion before the court to suppress the evidence and call into question the indictment itself.

When speaking to counsel, Ms. Law was asked why she never challenged the facts and evidence of the case when the facts failed to line up. Ms. Law stated, "You cannot win on a motion to suppress in this court with this magistrate. In 29 years, I have seen him grant one".

First, Magistrate Judge David P Rush was appointed to the bench in 2012 which is 10 years going on 11 for the Judge not 29 years. Secondly, when reviewing the records made available by LEXIS it shows the Magistrate Judge in those 10 years hears an average of 5.7 motions to suppress each year and grants 5% of them. Simple math would suggest the Judge has granted more than one, and in fact has done so in the first 10 years of him being on the bench.

For argument sake, assuming Ms. Law meant District Judge Harpool, he has been on the federal court for 8 years headed towards 9 and has a record of granting 13% of the suppression motions placed before him.

Assuming Ms. Law was correct in her seeing only 1 suppression in 29 years, if there was one that means there could be 2 and if there is 2 there can be 3 and so on, so why base the

decision off of assumption from other defendants cases that have nothing to do with the defendant, his charge, or circumstances surrounding his case.

Facts of the Case

The reports issued by the arresting police department state that an officer was dispatched to a hotel where someone claimed allegedly that a person was "Manufacturing" Meth in the hotel room. The officer was given a description of the person and headed to the hotel.

While in route the officer noticed someone matching the description walking down the sidewalk along the street the officer was taking. The officer then aggressively approached the defendant on the street with full blown lights and siren. The defendant, unaware of why he would be approached in such a manner, did what most people would do and that is panic and run. The report states the defendant was captured and his backpack that he possessed was found behind a fast-food establishment. When an officer searched the backpack, he found a handgun and a short list of drugs not considered an amount that would coincide with someone who just manufactured meth.

The reports state nothing about what the search of the hotel room consisted of. The reports actually offer up very little information and nothing factual that would give reason for the harassment.

There was no evidence showing support for dispatching an officer to a hotel room based on a "tip" or statement made by someone. There must be someone on the other end of this allegation of a meth lab operating. Where is the basis to investigate, the probable cause to spend tax payers money to dispatch based on information that has not ever been disclosed. If officers drove to every scene of every call based on a tip from someone the number of false allegations that would come into the station just out of vengeance from disgruntled ex- spouses, employers, friends and family.

Counsel should have forced the government to show the probable cause or basis for which they dispatch officers to calls where there is no other information or evidence. There was

no proof presented that the defendant was at this hotel or any hotel. The only facts remain is that the defendant was walking down the street like any other normal everyday citizen does. Had the defendant been at a hotel and the officer arrived there was no basis or probable cause that would have allowed him to enter the room. There would have been no basis for the officer to bother a guest at a hotel other than some phone call that has not been shown or proven existed or what was actually claimed.

The defendant was harassed by police because he was simply walking down the street and left the confines of the hotel where he would have had a barrier between him and the police.

Counsels reasoning of assuming a certain judge does not grant suppression motions is completely misplaced. Her assumption of how many a judge has granted is not factually supported nor does she personally have complete knowledge of any judges record on particular motions.

## ARGUMENTS PRESENTED

I. **DUE TO ERRORS BY THE GOVERNMENT, U.S. MARSHALS, AND DEFENDANTS COUNSEL HE IS BEING HELD IN STATE CUSTODY AND NOT BEING GIVEN CREDIT FOR HIS FEDERAL SENTENCE**

II. **COUNSEL WAS INEFFECTIVE FOR FAILURE TO FILE A MOTION TO SUPPRESS AND FOR FAILURE TO PRESENT A DEFENSE**

# ARGUMENT I

## DUE TO ERRORS BY THE GOVERNMENT, U.S. MARSHALS, AND DEFENDANTS COUNSEL HE IS BEING HELD IN STATE CUSTODY AND NOT BEING GIVEN CREDIT FOR HIS FEDERAL SENTENCE.

*THE ARRESTING STATE RELINQUISHED JURISDICTION*

Primary jurisdiction is generally determined by which sovereign first arrests an individual. *Woods v. Ziegler*, No. 5:13-CV-26595, 2015 U.S. Dist. LEXIS 47907, 2015 WL 1649034, at *5 (S.D.W. Va. Apr. 13, 2015).

However, a sovereign can relinquish primary jurisdiction by ***releasing an individual on bail, bond**, probation, or parole*; dismissing the charges against the individual; or releasing an individual upon the expiration of the individual's sentence. *Id.* (emphasis added); *Papadapoulos v. Johns*, No. 5:09-HC-2009-FL, 2011 U.S. Dist. LEXIS 29613, 2011 WL 1104136, at *5 n.4 (E.D.N.C. Mar. 22, 2011) (citing *United States v. Cole*, 416 F.3d 894, 896-897 (8th Cir. 2005). [Brown v. Tatum, 2018 U.S. Dist. LEXIS 56812, *7](#)

The state released the defendant on bond thereby giving up jurisdiction to the defendant and while on bond the government indicted the defendant, searched for him, and ultimately handed him over to the U.S. Marshals as a fugitive.

Upon being arrested in a raid on an entirely different matter it was discovered the defendant had a federal warrant which he was immediately held on and placed in Green County, the facility that houses federal detainees. From this point forward the defendant belonged to the federal justice system.

After being sentenced in the federal court he was sent back to Green County, and it was the State who requested his presence for his case before them. Upon their sentencing the state judge on the record stated the defendant belonged to the jurisdiction of the federal government and the state court ordered that his sentence run concurrent to that of the federal court.

When the federal government filed a writ, it did nothing more than confuse the system in place and cause the U.S. Marshals to not retrieve the defendant and bring him back to where he was in custody under since his arrest on the federal warrant.

Relief Sought

The defendant seeks to have the court set the record straight and correct the credit for time served that he has so far not been credited for. The defendant seeks to be noted as in federal custody with the state case being ran concurrent whether or not he is in the physical custody of the state or federal prison.

Issues concerning the lawfulness of a federal conviction and the sentence imposed generally must be brought in the sentencing court through a § 2255 motion to vacate, set aside or correct. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *see* § 2255 ¶ 1 (a federal prisoner "may move the court which imposed [*5] the sentence" to vacate, set aside or correct the sentence).

Because a § 2255 motion attacks the validity of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court that convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986).

The trial court that sentenced the defendant has the authority under Section 2255 to vacate or correct a sentence. The correction in this case is whereby the errors of the government and counsel allowed the defendant to be lost in a system and end up serving his secondary sentence and case which is with the state when it's the federal government that has the primary case before it.

# ARGUMENT II

## COUNSEL WAS INEFFECTIVE FOR FAILURE TO FILE A MOTION TO SUPPRESS AND FOR FAILURE TO PRESENT A DEFENSE

To state a claim for ineffective assistance of counsel, a habeas petitioner must demonstrate that counsel's representation was deficient and that he suffered prejudice as a result. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). United States v. Eaton, 2013 U.S. Dist. LEXIS 206965, *4

Counsels failure to present a motion to suppress violated the defendants rights to defend himself and force the government to prove probable cause to stop the defendant. The defendant was not at a hotel at the time of the approach by the police. The defendant clearly was not making or operating a meth lab at the time of approach.

Counsel is not normally viewed ineffective for failing to pursue a motion to suppress that he reasonably believes would be futile. *Anderson v. United States*, 762 F.3d 787, 794 (8th Cir. 2014); *United States v. Luke*, 686 F.3d 600, 606 (8th Cir. 2012. The defendant must demonstrate that any motion to suppress would have been successful on any basis.

The prejudice flowing from an [*24] attorney's failure to file a suppression motion is determined by examining the likely success of the motion. *Carroll v. United States*, 962 F.2d 12, *2 (8th Cir. 1992). Biggs v. United States, 2015 U.S. Dist. LEXIS 169139, *23-24

The defendant has shown the basis for counsels failure to file a motion to suppress was not based on the facts of the case or the merits, instead counsel failed to file the motion based on what she assumed a courts track record was in approving them.

Its impossible to know whether or not the court would have granted or denied his areguments because counsel never investigated them and simply determined the outcome based on others arguments presented in years prior.

The defendant has shown the merits of the governments case against him lacked in many aspects and had counsel filed such a motion the outcome would have been positive for the defendant and altered the outcome of the case as a whole.

Relief Sought

The defendant seeks to have his sentence vacated and counsel for the defendant the ability to present the arguments made within and force the government to present the facts and the information alleged that has not been proven or supported by anything already tendered to the defendant or this court.

## CERTIFICATE OF APPEALIBILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although McAnally has not yet filed a notice of appeal, the recently amended § 2255 Rules instruct that this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct.

1595, 146 L. Ed. 2d 542 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

## CONCLUSION

Wherefore, the defendant respectfully prays that this Honorable Court will correct the record and place the defendant in the custody of the Federal Bureau of Prisons as well as provide him the credit for the days served to date.

The defendant also seeks to have his case and sentence vacated based on counsels ineffectiveness by failure to present a motion before the court to suppress the evidence of drugs and gun that were obtained under a false pretense of a crime taking place at the time of arrest.

Respectfully submitted,

_(signature)_

Freddie J McAnally, Pro se

Defendant

## CERTIFICATE OF SERVICE

We, Countrywide Legal Assistance on behalf of Freddie J McAnally, pro se, the Defendant in the matter being submitted hereby declares that I have mailed a copy of the following petition:

## DEFENDANTS MOTION TO VACATE, SET ASIDE, OR CORRECT UNDER 28 U.S.C. §2255

to the following parties:

Clerk of the Court
U.S. District Court
400 E 9th Street
Kansas City, MO 64106

The petition was mailed by way of the United States Postal Service, First Class, Postage Paid and was delivered to the U.S. Post Office on the 27th day of January 2023, by hand delivery.

I state this to be true under the terms of perjury. Signed this 27th day of January 2023.

Respectfully submitted,

Lee Anglin, Partner

Countrywide Legal Assistance

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuse may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; July 2022; All rights reserved.

**PRIORITY MAIL FLAT-RATE ENVELOPE POSTAGE REQUIRED**

US POSTAGE & FEES PAID
PRIORITY MAIL
ZONE 5 FLAT-RATE ENVELOPE
ComBasPrice

0625S0001053387
FROM 84078

stamps
endicia
01/27/2023

**PRIORITY MAIL 2-DAY™**

RECEIVED
2023 FEB -3 PM 12:19
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF
KANSAS CITY, MO

Countrywide Legal Assistance
C/O Freddie J McAnally #1216073
332 W Main St # 101
Vernal UT 84078-2508

SHIP TO:
Clerk of the Court
U.S. District Court
400 E 9th St Ste 1510a
Kansas City MO 64106-2508

USPS TRACKING #

9405 5118 9956 2148 8210 42

**UNITED STATES POSTAL SERVICE®** | **PRIORITY MAIL®**



* Expected delivery date specified for domestic use.
* Domestic shipments include $100 of insurance (restrictions apply).*
* USPS Tracking® service included for domestic and many international destinations.
* Limited international insurance.**
* When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
**See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

**TRACKED ■ INSURED**

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP

EP14F July 2022
OD: 12 1/2 x 9 1/2

PS00001000014

Case 3:23-cv-05007-MDH   Document 1   Filed 02/03/23   Page 18 of 18